UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JEWELTEX MANUFACTURING INC. RETIREMENT PLAN,<br><br>Plaintiff,<br><br>v.<br><br>HILL-ROM HOLDINGS, INC, WILLIAM G. DEMPSEY, JOHN P. GROETETLARRS, GARY L. ELLIS, STACY ENXING SENG, MARY GARRETT, JAMES R. GIERTZ, WILLIAM H. KUCHEMAN, GREGORY J. MOORE, FELICIA F. NORWOOD, and NANCY M. SCHLICHTING,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Jeweltex Manufacturing Inc. Retirement Plan ("Plaintiff"), by and through its undersigned counsel, for its complaint against defendants, alleges upon personal knowledge with respect to itself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.      This action is brought by Plaintiff against Hill-Rom Holdings, Inc. ("Hillrom" or the "Company") and the members of Hillrom's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Hillrom will be acquired by Baxter International Inc. ("Baxter") through Baxter's subsidiary Bel Air Subsidiary, Inc ("Merger Sub") (the "Proposed Transaction").

2.      On September 2, 2021, Hillrom and Baxter issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated September 1, 2021 (the "Merger Agreement") to sell Hillrom to Baxter.  Under the terms of the Merger Agreement, each Hillrom shareholder will have the right to receive $156.00 in cash for each share of Hillrom common stock they own (the "Merger Consideration").  The Proposed Transaction has a total equity value of approximately $10.5 billion.

3.      On October 20, 2021, Hillrom filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Hillrom stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) Hillrom's projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by the Company's financial advisors, Goldman Sachs & Co. LLC ("Goldman Sachs") and BofA Securities, Inc. ("BofA"); and (iii) the background of the Proposed Transaction.  The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Hillrom stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction.

4.      In short, unless remedied, Hillrom's public stockholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Moreover, Hillrom's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Hillrom.

9. Defendant Hillrom is an Indiana corporation, with its principal executive offices located at 130 East Randolph Street, Suite 1000, Chicago, Illinois, 60601. Hillrom is a global medical technology leader whose mission is to enhance outcomes for patients and their caregivers by Advancing Connected Care. Hillrom's products and services help enable earlier diagnosis and treatment, optimize surgical efficiency and accelerate patient recovery while simplifying clinical communication and shifting care closer to home. Hillrom's shares trade on the New York Stock Exchange under the ticker symbol "HRC."

10. Defendant William G. Dempsey ("Dempsey") is Chair of the Board and has been a director of the Company since 2014.

11. Defendant John P. Groetelaars ("Groetelaars") has been President, Chief Executive Officer ("CEO"), and a director of the Company since May 2018.

12. Defendant Gary L. Ellis ("Ellis") has been a director of the Company since 2017.

13. Defendant Stacy Enxing Seng ("Enxing Seng") has been a director of the Company since 2015.

14. Defendant Mary Garrett ("Garrett") has been a director of the Company since 2017.

15. Defendant James R. Giertz ("Giertz") has been a director of the company since 2009.

16. Defendant William H. Kucheman ("Kucheman") has been a director of the company since 2013.

17. Defendant Gregory J. Moore ("Moore") has been a director of the company since 2019.

18. Defendant Felicia F. Norwood ("Norwood") has been a director of the company since 2020.

19. Defendant Nancy M. Schlichting ("Schlichting") has been a director of the company since 2017.

20. Defendants identified in paragraphs 10-19 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

21. Baxter is a Delaware corporation with its principal executive offices located at One Baxter Parkway, Deerfield, Illinois 60015. Baxter is a leading global medical products company

which, through its subsidiaries, provides a broad portfolio of essential healthcare products used by hospitals, kidney dialysis centers, nursing homes, rehabilitation centers, doctors' offices and by patients at home under physician supervision. Baxter's global footprint and the critical nature of its products and services play a key role in expanding access to healthcare in emerging and developed countries. As of December 31, 2020, Baxter manufactured products in over 20 countries and sold them in over 100 countries. Baxter's common stock trades on the New York Stock Exchange under the ticker symbol "BAX."

22.   Merger Sub is an Indiana corporation and a wholly owned subsidiary of Baxter.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

23.   Hillrom is a global medical technology leader whose 10,000 employees have a single purpose: enhancing outcomes for patients and their caregivers by Advancing Connected Care. Around the world, Hillrom's innovations touch over 7 million patients each day. They help enable earlier diagnosis and treatment, optimize surgical efficiency and accelerate patient recovery while simplifying clinical communication and shifting care closer to home. Hillrom make these outcomes possible through digital and connected care solutions and collaboration tools, including smart bed systems, patient monitoring and diagnostic technologies, respiratory health devices, advanced equipment for the surgical space and more, delivering actionable, real-time insights at the point of care.

24.   On July 30, 2021, the Company announced its third quarter earnings. Hillrom reported GAAP earnings of $0.74 per diluted share compared to $1.40 per diluted share in the prior-year period. On an adjusted basis, excluding special items, the Company reported earnings

of $1.38 per diluted share exceeding the Company's previously issued guidance range of $1.32 to $1.36 per diluted share. Commenting on the Company's results, defendant Groetelaars stated:

> Our dedicated, global team continues to support customers' evolving needs and we remain encouraged by the building momentum and recovery in our underlying business. This resulted in third quarter financial performance that exceeded expectations, illustrating the benefits of Hillrom's accelerated transformation, the resiliency of our portfolio, and our ongoing commitment to Advancing Connected Care™. As we look forward, we remain committed to driving sustainable and profitable growth, achieving our strategic objectives, and unlocking significant value for patients, caregivers and shareholders as we deliver on our mission.

**The Proposed Transaction**

25. On September 2, 2021, Hillrom and Baxter issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

> DEERFIELD, ILL., and CHICAGO, Sept. 2, 2021 – Baxter International Inc. (NYSE: BAX), a leading global medical products company, and Hillrom (NYSE: HRC), a global medical technology leader, today announced that the companies have entered into a definitive agreement under which Baxter has agreed to acquire Hillrom for $156.00 per share in cash for a total equity value of approximately $10.5 billion and a total enterprise value of approximately $12.4 billion, including the assumption of debt.
>
> Hillrom brings a highly complementary product portfolio and innovation pipeline that will enable Baxter to provide a broader array of medical products and services to patients and clinicians across the care continuum and around the world, facilitating the delivery of healthcare that is patient- and customer-centered and focused on improving clinical outcomes. The combination is also expected to accelerate the companies' expansion into digital and connected care solutions that are increasingly enabling patients with access to hospital-level care at home or in other care settings.
>
> "Baxter and Hillrom share a common vision for transforming healthcare to better serve all patients and providers," said José (Joe) E. Almeida, Baxter's chairman, president and chief executive officer. "Patients increasingly want to receive their care at home or nearby, while hospitals and other care providers are increasingly using digital health technologies to expand access, improve quality and lower costs. Baxter and Hillrom are uniting to meet the challenges of a rapidly evolving global healthcare landscape, while also creating significant value for all the stakeholders we serve. We're very excited to welcome the Hillrom team to Baxter, and to join together to advance our mission to save and sustain lives."

John Groetelaars, Hillrom's president and chief executive officer, said, "We are proud of the steps we have taken to transform Hillrom into a medical technology leader with an innovative portfolio of connected care solutions. Today's milestone announcement represents a win-win for all stakeholders. Patients and caregivers will benefit from enhanced capabilities across the continuum of care, our shareholders will receive a significant and immediate premium for their investment, and our employees will benefit from being part of a larger, stronger company with accelerated growth opportunities. Baxter is the ideal partner to enhance our global reach and realize the true potential of our vision to accelerate medical innovation around the world. With our shared patient-centric cultures, we look forward to seamlessly bringing our two companies together."

**Strategic Rationale**

The Baxter-Hillrom combination will expand access to Hillrom's portfolio globally; broaden the presence of the combined companies across sites of care; accelerate and strengthen the combined organization's digital transformation; and is expected to generate compelling financial returns for Baxter's shareholders.

Key benefits of the acquisition include:

- A common vision for transforming healthcare to improve efficiencies and clinical outcomes, drive actionable insights and lead across the care continuum: The complementary product offering of the combined companies will support the patient in the hospital, at home, and in alternate sites of care, allowing better integration and coordination of healthcare delivery.
- A strengthened portfolio with opportunity to accelerate digitally-enabled connected healthcare and expand penetration of combined solutions worldwide: The companies' combined capabilities in therapeutic delivery, monitoring, blood purification, diagnostics and communications for patients and caregivers will enhance opportunities for truly connected care that result in better patient outcomes, improved workflow efficiencies and data-driven insights while lowering healthcare costs overall.
- A robust combined platform for shareholder value creation through meaningful anticipated synergies with a continued commitment to strong cash flow generation: The transaction provides a significant opportunity to build upon Baxter's established global infrastructure to grow Hillrom's international business, which currently represents approximately one-third of Hillrom's total 2020 revenue. It should also meaningfully enhance Baxter's earnings growth through the realization of substantial cost synergies and potential opportunities to accelerate revenue growth over the longer term.
- A shared culture that values inclusivity, innovation and corporate responsibility: The combination unites two organizations that have each been recognized for achievements in workplace diversity and corporate

responsibility, and for fostering an environment that supports and encourages high performance, respect for individuals, and professional growth.

**Transaction Highlights**

Upon completion of the transaction, Baxter will pay $156.00 in cash for each outstanding share of Hillrom common stock for a purchase price of $10.5 billion. Baxter will also assume Hillrom's outstanding debt and cash, for a total enterprise value of $12.4 billion. The purchase price represents a 26% premium to Hillrom's closing stock price on July 27, 2021, the last trading day prior to media reports speculating about a potential transaction.

Baxter expects the combination to result in approximately $250 million of annual pre-tax cost synergies by the end of year three. This estimate excludes any benefit from potential new revenue growth opportunities resulting from the combination of the two organizations.

The transaction is expected to be low double-digit accretive to Baxter's adjusted earnings per share (EPS) in the first full year post close, increasing to more than 20% by year three. The transaction is also expected to expand Baxter's overall adjusted EBITDA margins over the medium-term and deliver strong cash flow generation with a high single-digit return on invested capital (ROIC) expected by year five.

Baxter will finance the transaction through a combination of cash and fully committed debt financing. At closing, Baxter estimates that it will have net leverage of approximately 4.2x net debt to pro forma1 adjusted EBITDA of the combined companies (as estimated by Baxter management). Baxter is committed to an investment grade credit rating and deleveraging to 2.75x net leverage within two years of closing.

**Approvals and Timing**

The Boards of Directors of both companies have unanimously approved the acquisition. The transaction is subject to the approval of Hillrom shareholders and the satisfaction of customary closing conditions, including regulatory approvals. The transaction is expected to close by early 2022.

**Baxter Long-term Financial Guidance and 2021 Investor Conference Update**

As a result of the proposed acquisition, Baxter's 2021 Investor Conference, originally scheduled for Sept. 20, will be rescheduled to a date following the transaction's completion. This will allow Baxter to provide an updated strategic and financial outlook inclusive of the combined organizations.

In the interim, Baxter is issuing long-term financial guidance as a standalone entity. Baxter expects sales to grow 4-5%, compounded annually from 2021 to 2024 based on current foreign exchange rates. Over this period, Baxter anticipates expanding its adjusted operating margin by 300 basis points or more. On an adjusted basis, Baxter expects to deliver earnings growth of low double digits compounded annually over the same period. This Baxter standalone guidance does not reflect any impact from the proposed acquisition.

**Advisors**

Perella Weinberg Partners LP is acting as lead financial advisor to Baxter. J.P. Morgan and Citi are also serving as financial advisors to Baxter and have committed to provide fully committed financing. Sullivan & Cromwell LLP is serving as legal advisor to Baxter. Goldman, Sachs & Co. LLC is serving as lead financial advisor and BofA Securities is serving as financial advisor to Hillrom. Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Hillrom.

**Insiders' Interests in the Proposed Transaction**

26.   Hillrom insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Hillrom.

27.   Notably, Hillrom insiders stand to reap substantial financial benefits for securing the deal with Baxter. Pursuant to the Merger Agreement, all outstanding Company restricted stock unit awards ("RSUs") will vest and convert into the right to receive the Merger Consideration. Additionally, each outstanding Hillrom stock option and performance-based restricted stock unit award ("PRSU Award") will become fully vested and be automatically cancelled and converted into the right to receive cash payments. The following table summarizes the cash payments that Company insiders stand to receive for their Company options, RSUs and PRSU Awards:

| Named Executive Officer | Hillrom Stock Options ($) | Hillrom RSU Awards ($)* | Hillrom PRSU Awards ($) | Total ($) |
| --- | --- | --- | --- | --- |
| John P. Groetelaars | 7,644,003 | 4,305,503 | 20,304,002 | 32,253,508 |
| Barbara Bodem | 2,017,973 | 1,669,006 | 5,761,068 | 9,448,047 |

|  |  |  |  |  |
|---|---|---|---|---|
| Paul S. Johnson |  | 1,163,958 | 748,833 | 5,739,891 | 7,652,682 |
| Andreas G. Frank |  | 1,524,656 | 913,086 | 3,884,175 | 6,321,917 |
| Deborah M. Rasin |  | 790,756 | 508,748 | 4,256,544 | 5,556,048 |

28. Additionally, if they are terminated in connection with the Proposed Transaction, Hillrom insiders stand to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Named Executive Officer[1] | Cash ($)[1] | Equity($)[2] | Perquisites / Benefits($)[3] | Tax Reimbursement ($)[4] | Total ($) |
|---|---|---|---|---|---|
| John P. Groetelaars | 7,767,898 | 32,253,508 | 55,155 | 12,641,335 | 52,717,896 |
| Barbara Bodem | 2,334,110 | 9,448,047 | 36,309 | 3,753,537 | 15,572,003 |
| Paul S. Johnson | 2,149,479 | 7,652,682 | 23,648 | 3,414,498 | 13,240,307 |
| Andreas G. Frank | 1,952,956 | 6,321,917 | 36,141 | — | 8,311,014 |
| Deborah M. Rasin | 1,992,411 | 5,556,048 | 36,252 | — | 7,584,711 |

**The Proxy Statement Contains Material Misstatements and Omissions**

29. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Hillrom's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction

30. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Hillrom's projections; (ii) the data and inputs underlying the financial valuation analyses performed by the Company's financial advisors Goldman Sachs and BofA; and (iii) the background of the Proposed Transaction. Accordingly, Hillrom stockholders are being asked to vote in favor of the Proposed Transaction without all material information at their disposal.

*Material Omissions Concerning Hillrom's Projections*

31. The Proxy Statement omits material information about Hillrom's financial projections.

32. Specifically, the Proxy Statement fails to disclose the line items underlying the Company's (i) Adjusted EBITDA; (ii) Adjusted Operating Income; and (iii) Unlevered Free Cash Flow.

33. The omission of this information renders the statements in the "Certain Unaudited Financial Projections" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act

*Material Omissions Concerning Goldman Sachs's and BofA's Financial Analyses*

34. The Proxy Statement fails to disclose material information concerning Goldman Sachs's and BofA's financial analyses.

35. The Proxy Statement describes Goldman Sachs's and BofA's fairness opinions and the various valuation analyses performed in support of their opinions. However, the description of Goldman Sachs's and BofA's fairness opinions and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Hillrom's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Goldman Sachs's and BofA's fairness opinions in determining whether to vote in favor of the Proposed Transaction.

36. With respect to Goldman Sachs's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the terminal values for the Company; (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 7.5% to

8.5%; (iii) the net debt of Hillrom as of June 30, 2021, pro forma for the acquisition of BardyDx; and (iv) the number of fully diluted outstanding shares of Hillrom common stock.

37. With respect to Goldman Sachs's *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose: (i) Goldman Sach's basis for applying enterprise value to NTM Adjusted EBITDA multiples of 13.0x to 15.0x Adjusted EBITDA per share of Hillrom common stock as of the end of each fiscal year from 2021 to 2023; and (ii) quantification of the inputs and assumptions underlying the discount rate of 7.9%.

38. With respect to Goldman Sachs's *Premia Analysis*, the Proxy Statement fails to disclose: (i) the premiums paid in each of the transactions observed; and (ii) identification of each of the transactions.

39. With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Proxy Statement fails to disclose: (i) the enterprise values for each of the selected companies and for Hillrom; (ii) the closing share price of each company on August 30, 2021; (iii) the number of fully diluted shares outstanding for each company; and (iv) each of the selected companies' net debt or net cash.

40. With respect to BofA's *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the multiples and financial metrics for each of the transactions analyzed.

41. With respect to BofA's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the terminal values for the Company; (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 7.0% to 9.0%; (iii) Hillrom's net debt as of June 30, 2021; and (iv) the number of fully diluted outstanding shares of Hillrom common stock.

42. The omission of this information renders the statements in the "Opinion of Goldman Sachs & Co. LLC" and "Opinion of BofA Securities, Inc." sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

43. The Proxy Statement omits material information about the background of the Proposed Transaction.

44. Specifically, the Proxy Statement fails to disclose: (i) when defendants determined to retain BofA as an additional financial advisor; (ii) defendants' reasons for doing so; and (iii) when BofA disclosed to the Board any potential conflicts of interest vis-a-vis Baxter.

45. The omission of this information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act

46. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Hillrom will be unable to make a sufficiently informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

47. Plaintiff repeats all previous allegations as if set forth in full.

48. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

49. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about Hillrom's financial projections, Goldman Sachs's and BofA's financial analyses and the background of the Proposed Transaction. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

51. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

52. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

### COUNT II

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

53. Plaintiff repeats all previous allegations as if set forth in full.

54. The Individual Defendants acted as controlling persons of Hillrom within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Hillrom, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

57. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

58. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

59. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Hillrom stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in its favor on behalf of Hillrom, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Hillrom stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 3, 2021                             **WEISSLAW LLP**

By _____
Richard A. Acocelli
305 Broadway, 7th Floor
New York, New York 10007
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*